(308 P.3d 1289)

No. 108,612

STATE OF KANSAS, *Appellee*, v. CLEOPHUS C. CURRIE, *Appellant*.

—

Opinion filed September 27, 2013.

*Samuel D. Schirer*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Mark Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., BUSER and STANDRIDGE, JJ.

ARNOLD-BURGER, P.J.: Cleophus C. Currie appeals his sentence, arguing that the sentencing court erred by misinterpreting K.S.A. 2012 Supp. 21-6804(p), finding that the statute prevented the court from granting probation in Currie's case. The State concedes that the statute allows probation, but the State asserts that because Currie was given a presumptive sentence, this court does not have jurisdiction to hear this appeal. We find that because the court misinterpreted its authority in the case by denying probation on the sole basis that it believed such action was not allowed by the statute, we have jurisdiction to hear the appeal. Furthermore, we find that K.S.A. 2012 Supp. 21-6804(p) does allow the district court to enter a departure sentence. Accordingly, we vacate Currie's sentence and remand the case for resentencing.

## FACTUAL AND PROCEDURAL HISTORY

In three cases, Currie pleaded guilty to one count of burglary, one count of criminal damage to property, one count of misdemeanor possession of drug paraphernalia, one count of identity theft, two counts of forgery, and three counts of felony theft.

Currie had five previous theft convictions and five previous burglary convictions. The parties were aware that because of Currie's previous theft and burglary convictions, the special rule under K.S.A. 2012 Supp. 21-6804(p) applied. According to the rule, imprisonment is presumed. Both parties were aware that the sentencing judge would interpret the rule to preclude probation.

At sentencing, the State recommended prison. Defense counsel argued that K.S.A. 2012 Supp. 21-6804(p) did not preclude a probation sentence. The sentencing court disagreed with defense counsel and imposed a presumptive 21-month prison sentence.

Currie filed a timely notice of appeal.

## ANALYSIS

Currie contends that the sentencing court misinterpreted K.S.A. 2012 Supp. 21-6804(p) when it held that the statute *precluded* it from departing from the presumptive prison sentence. The State argues that this court does not have jurisdiction to decide this appeal because Currie was sentenced to a presumptive prison term.

However, the State concedes that if this court does have jurisdiction, then K.S.A. 2012 Supp. 21-6804(p) does not preclude a sentencing court from granting a dispositional departure.

*We have jurisdiction over this appeal even though Currie's crimes called for the presumptive sentence he was given.*

The sentencing judge stated the following at the sentencing hearing:

"This is the difficulty I have. It says the presumption is prison, which, under most interpretations, when it says the presumption is prison, you can go forward, and then there's a departure. But there is additional language that says, 'and the sentence shall be prison.' And for me to interpret that in any other way, other than I can't depart, would make that language surplusage. I've done opinions on this in two or three other cases, and I incorporate those opinions by references and reserve the right to supplement that.

"But the Court finds that, as a matter of law, I cannot depart, other than by making the findings provided for in the statute. That will be the order of the Court."

The State first contends that this court does not have jurisdiction because Currie's sentence is a presumptive sentence and both K.S.A. 2012 Supp. 21-6820(c)(1) and K.S.A. 2012 Supp. 21-6804(p) preclude a defendant from appealing a presumptive sentence. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Ellmaker*, 289 Kan. 1132, 1147, 221 P.3d 1105 (2009). The State's jurisdiction argument was recently addressed and rejected in *State v. Warren*, 297 Kan. 881, 304 P.3d 1288 (2013). In *Warren*, our Supreme Court stated the following:

"Under K.S.A. 21-4721(c)(1) [now K.S.A. 2012 Supp. 21-6820(c)(1)], Kansas appellate courts do not have jurisdiction to hear the appeal of a presumptive criminal sentence. But when a district court misinterprets its own statutory authority and explicitly refuses to consider a defendant's request for a discretionary, nonpresumptive sentence that the district court has statutory authority to consider, the appellate court may take up the limited question of whether the district court properly interpreted the sentencing statute." *Warren*, 297 Kan. 881, Syl. ¶ 1.

Therefore, this court does have jurisdiction because Currie is arguing that the sentencing court misinterpreted K.S.A. 2012 Supp. 21-6804(p) when it ruled that the statute did not provide

the sentencing court with the *authority* to grant a dispositional departure.

*We examine the court's authority to grant a dispositional departure under K.S.A. 2012 Supp. 21-6804(p).*

According to K.S.A. 2012 Supp. 21-6804(p), when a defendant is being sentenced on a felony theft charge and has three or more prior felony convictions for certain designated theft and or burglary crimes, the sentence

> "*shall be presumed imprisonment and the defendant shall be sentenced to prison as provided by this section,* except that the court may recommend that an offender be placed in the custody of the secretary of corrections, in a facility designated by the secretary to participate in an intensive substance abuse treatment program." (Emphasis added.)

The question presented is whether this language precludes the grant of probation. Both the State and Currie agree that the court retains the authority to grant a dispositional departure of probation. In fact, the State presents no argument to the contrary. Nevertheless, we will address the merits of Currie's claim.

Our review is unlimited over issues of statutory interpretation. *State v. Jolly*, 291 Kan. 842, 845-46, 249 P.3d 421 (2011). In interpreting a statute, the intent of the legislature governs if such intent can be ascertained. In examining the statue we consider the language employed, giving ordinary words their ordinary meaning. If the statute is plain and unambiguous, that ends the matter and we do not resort to the various canons of statutory construction or to the legislative history of the statute. *State v. Coman*, 294 Kan. 84, 92, 273 P.3d 701 (2012).

This court has been split on its interpretation of the statute. There are conflicting Court of Appeals decisions on whether the statute precludes a dispositional departure. See *State v. Howard*, No. 106,304, 2012 WL 4121114, at *1-2 (Kan. App. 2012) (unpublished opinion) (K.S.A. 2010 Supp. 21-4704[p] merely creates a presumption of imprisonment), *rev. denied* 297 Kan. 1251 (2013); *State v. Upton*, No. 106,230, 2012 WL 3289970, at *2 (Kan. App. 2012) (unpublished opinion) (K.S.A 2010 Supp. 21-

4704[p] clearly mandates imprisonment), *rev. denied* 297 Kan. 1256 (2013).

We agree with and adopt the *Howard* panel's analysis rather than the *Upton* panel's analysis for the following reasons.

In *Howard*, as here, the defendant was subject to K.S.A. 2010 Supp. 21-4704(p) (now K.S.A. 2012 Supp. 21-6804[p]) because the defendant had three or more prior burglary convictions and three or more prior theft convictions. The sentencing court found that it did not have the discretion to consider the defendant's downward dispositional departure motion, based on its interpretation of the statute. *Howard*, 2012 WL 4121114, at *1. Relying on the logic set forth in *State v. Chesbro*, 35 Kan. App. 2d 662, 134 P.3d 1, *rev. denied* 282 Kan. 792 (2006), the court in *Howard* stated the following:

"K.S.A. 2010 Supp. 21-4704(p) establishes the sentencing provisions for felony theft when the defendant has a certain number of prior felony theft convictions. By harmoniously construing the provisions of K.S.A. 2010 Supp. 21-4704, we conclude that subsection (p) merely establishes the *presumptive sentence* for felony theft committed by those with multiple prior felony convictions. [Citation omitted.] But as in *Chesbro*, the provisions of K.S.A. 2010 Supp. 21-4716(c) [now K.S.A. 2012 Supp. 21-6815(c)] regarding departure sentences may be applied and the district court may consider departures from the presumptive sentence." *Howard*, 2012 WL 4121114, at *5.

We agree. K.S.A. 2012 Supp. 21-6804(a) leads off by stating that the provisions of the section shall be applicable to the sentencing guidelines for nondrug crimes. Moreover, according to K.S.A. 2012 Supp. 21-6804(d), "[t]he sentencing guidelines grid for nondrug crimes as provided in this section defines presumptive punishments for felony convictions, *subject to the sentencing court's discretion to enter a departure sentence.*" (Emphasis added.) This is consistent with K.S.A. 2012 Supp. 21-6815(a), which states that "[e]xcept as provided in subsection (b), the sentencing judge shall impose the presumptive sentence provided by the sentencing guidelines *unless the judge finds substantial and compelling reasons to impose a departure sentence.*" (Emphasis added.) We believe that K.S.A. 2012 Supp. 21-6804(p) merely directs that the sentence shall be presumptive prison when a defendant has prior felony theft

and/or burglary convictions. It does not negate the other provisions in the statute allowing for departure. It uses the term "presumed" imprisonment. Giving ordinary words their ordinary meaning, as we are required to do, this would indicate that prison is only presumed, but not mandatory. Although K.S.A. 2012 Supp. 21-6804(p) follows this with a clause unique to subsection (p) ("and the defendant shall be sentenced to prison as provided by this section"), we believe this simply refers the reader back to the sentencing grid.

So for example, under the terms of K.S.A. 2012 Supp. 21-6804(p), if a defendant is charged with felony theft of property under K.S.A. 2012 Supp. 21-5801(b)(3), which is a severity level 9 nonperson felony, and has three or more similar felony theft convictions, absent the direction of K.S.A. 2012 Supp. 21-6804(p) he or she would fall into a presumptive probation box on the sentencing grid. But the specific language of K.S.A. 2012 Supp. 21-6804(p) informs us that we are to presume prison instead of probation, although the months of imprisonment will be as set out in the grid. The clear language does nothing to negate the prior discussion in the section of the ability to grant a departure sentence.

The *Upton* panel disagreed and discerned that the language in K.S.A. 2010 Supp. 21-4704(d) (now K.S.A. 2012 Supp. 21-6804[d]) refers only to the sentencing *grid*, not the more specific statutory subsections under K.S.A. 2010 Supp. 21-4704 which set out special rules. The panel opined that the more specific provision at issue governed, and it interpreted the language to require imprisonment, with no chance of departure unless there is a finding of substance abuse and amenability to treatment. *Upton*, 2012 WL 3289970, at *2. Although we agree with the *Upton* panel that K.S.A. 2010 Supp. 21-4704 sets out specific exceptions to the grid sentence, we disagree that these exceptions are to be read in isolation.

The sentencing grid set out at K.S.A. 2012 Supp. 21-6804(a) defines presumptive punishments. K.S.A. 2012 Supp. 21-6804(d). It includes presumptive prison, presumptive probation, and border boxes. According to K.S.A. 2012 Supp. 21-6804(d), these presumptive sentences are subject to the court's discretion to enter a departure sentence. But there are some unique circumstances, set

out specifically in the statute, when an offender may fall into a "presumptive probation" box based on his or her crime and criminal history but some other factor compels the legislature to treat the offender more seriously than the grid allows. For example, if a gun is involved in the commission of a person felony, the statute requires the sentence to be presumed imprisonment even though, based on a straight application of the grid, presumptive probation might be called for. K.S.A. 2012 Supp. 21-6804(h). Moreover, as discussed in *Chesbro,* if a person is a persistent sex offender and is convicted of a crime whose sentence is presumptive prison, the sentence shall be double the maximum grid box number. K.S.A. 2012 Supp. 21-6804(j); see 35 Kan. App. 2d at 679-81. And, as here, when a defendant has several prior convictions for theft or burglary, the statute provides that even though the grid may indicate presumptive probation, the sentencing court must consider the sentence to be one of presumptive prison. However, application of this special rule does not negate the court's discretion to impose a departure sentence of probation.

Therefore, we find that the district court erred in finding that it lacked the discretion and authority to consider Currie's request for probation. Accordingly, we vacate Currie's sentence and remand for resentencing at which the district court should consider Currie's request for probation.

Sentence vacated and case remanded with directions.