NOT DESIGNATED FOR PUBLICATION

No. 120,636

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSE ALAN JULIAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; SCOTT E. MCPHERSON, judge. Opinion filed November 1, 2019. Sentence vacated and case remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Douglas A. Matthews*, assistant county attorney, *M. Levi Morris*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE, J., and DANIEL D. CREITZ, District Judge, assigned.

PER CURIAM: Jesse Alan Julian pled no contest to one count of possession of methamphetamine and one count of theft. Prior to sentencing, Julian filed a motion for Senate Bill 123 assessments and a motion for departure to probation. At sentencing, the district court denied both motions and found that K.S.A. 2018 Supp. 21-6805 applied because it was Julian's third felony conviction of an unlawful possession of a controlled substance. The district court sentenced Julian to 30 months in prison and did not consider the motions because it believed K.S.A. 2018 Supp. 21-6805 mandated imprisonment.

1

On appeal, Julian argues the district court erred in sentencing him to prison because it failed to realize it had the discretion to depart from the presumptive imprisonment sentence. A panel of this court has addressed this issue and determined that the language of K.S.A. 2015 Supp. 21-6805(f)(1) merely directs that any sentence to which it applies shall be a "presumed" imprisonment term, subject to the district court's discretion to depart under K.S.A. 2015 Supp. 21-6815(a). *State v. Murrin*, No. 115,345, 2017 WL 658043, at *7 (Kan. App. 2017) (unpublished opinion), *rev. denied* 306 Kan. 1327 (2017); *State v. Hill*, No. 117,288, 2017 WL 4321288, at *2 (Kan. App. 2017) (unpublished opinion). Thus, the district court erred when it wrongly concluded that it could not consider a departure. We vacate Julian's sentence and remand for resentencing.

*Factual and Procedural Background*

Julian pled no contest to one count of possession of methamphetamine and one count of theft. In exchange for his plea, the State dismissed the remaining charges but made no sentencing recommendation in the plea agreement.

The presentence investigation report cited two previous convictions for felony-level possession of drugs and indicated that the newest possession conviction would move Julian into a presumptive prison category.

Prior to sentencing, Julian filed a motion for Senate Bill 123 assessments and a motion for departure. In his motion for S.B. 123 assessments, Julian moved for assessments in accordance with K.S.A. 2018 Supp. 21-6824, known as S.B. 123, for prescribing substance abuse treatment rather than prison for qualifying defendants. In the same motion, Julian also objected to an invocation of K.S.A. 2018 Supp. 21-6805(f), known as special rule 26, arguing that S.B. 123 trumped special rule 26. Julian's motion

for departure requested a dispositional departure to probation in the event the court used special rule 26.

At sentencing, Julian did not object to his reported criminal history but he did present arguments on his motions. The district court denied both of Julian's motions, finding that special rule 26 removed all discretion to order any sentence other than imprisonment. The district court noted that the current felony-level drug possession conviction was Julian's third and that he had previously been in a certified drug treatment program but was discharged because he failed to participate. In making its findings, the district court relied on the language of K.S.A. 2018 Supp. 21-6805(f), stating that statute requires a presumptive imprisonment sentence and

> "[i]t goes onto say that such defendant's term of imprisonment shall not be subject to modification. . . . It is not subject to modification if the defendant has been discharged or refused to participate in a certified drug abuse treatment program. Well, looking at [] Julian's history, he was in a certified drug abuse treatment program . . . and he was revoked because he refused to participate in the program. So he has been previously discharged from a certified drug abuse treatment program. My belief is that I cannot modify his sentence. His sentence is presumed imprisonment, and that is what this court must order by Statute 21-6805 Subsection (f) (1)."

The district court sentenced Julian to a 30-month sentence for the possession of methamphetamine conviction and a concurrent 12-month jail sentence for the misdemeanor conviction for possession of stolen property. Julian timely filed this appeal.

*Analysis of K.S.A. 2018 Supp. 21-6805*

On appeal, Julian argues that the district court erred when it interpreted K.S.A. 2018 Supp. 21-6805(f)(1) to require the imposition of a prison sentence. Julian initially argued that S.B. 123 statutorily required the district court to impose treatment and that

3

S.B. 123 "is superior to special rule 26 or any other sentencing provision." In his reply brief, Julian concedes that because of an exception there was no statutory mandate requiring the district court to impose S.B. 123 treatment. See K.S.A. 2018 Supp. 21-6604(n)(1). Thus, we only must determine whether the district court erred in sentencing Julian under K.S.A. 2018 Supp. 21-6805(f).

Ordinarily, the appellate courts lack jurisdiction to consider a challenge to the denial of a motion for a departure sentence because the courts lack jurisdiction to consider appeals from presumptive sentences. K.S.A. 2018 Supp. 21-6820(c)(1) provides that an appellate court shall not review a sentence that is within the presumptive sentence for that crime.

But in *State v. Warren*, 297 Kan. 881, 883, 304 P.3d 1288 (2013), the Kansas Supreme Court held that an appellate court has jurisdiction to review a defendant's claim that the district court misinterpreted its own statutory authority to grant a departure sentence. Here, the district court believed it could not modify Julian's sentences and, therefore, this court has jurisdiction to consider this issue.

Interpretation of a sentencing statute is a question of law, and the standard of review is unlimited. *State v. Warren*, 307 Kan. 609, 612, 412 P.3d 993 (2018).

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading

4

something into the statute that is not readily found in its words. 303 Kan. at 813. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the Legislature's intent. 303 Kan. at 813.

Here, the district court imposed Julian's sentence under K.S.A. 2018 Supp. 21-6805(f)(1), which states:

"The sentence for a third or subsequent felony conviction of K.S.A. 65-4160 or 65-4162, prior to their repeal, K.S.A. 2010 21-36a06, prior to its transfer, or K.S.A. 2018 Supp. 21-5706, and amendments thereto, shall be a presumptive term of imprisonment and the defendant shall be sentenced to prison as provided by this section. The defendant's term of imprisonment shall be served in the custody of the secretary of corrections in a facility designated by the secretary. Subject to appropriations therefore, the defendant shall participate in an intensive substance abuse treatment program, of at least four months duration, selected by the secretary of corrections. If the secretary determines that substance abuse treatment resources are otherwise available, such term of imprisonment may be served in a facility designated by the secretary of corrections in the custody of the secretary of corrections to participate in an intensive substance abuse treatment program. The secretary's determination regarding the availability of treatment resources shall not be subject to review. Upon the successful completion of such intensive treatment program, the offender shall be returned to the court and the court may modify the sentence by directing that a less severe penalty be imposed in lieu of that originally adjudged. If the offender's term of imprisonment expires, the offender shall be placed under the applicable period of postrelease supervision."

It appears from the sentencing hearing transcript that the district court believed it could not modify Julian's sentence because K.S.A. 2018 Supp. 21-6805(f)(2) prevents it. K.S.A. 2018 Supp. 21-6805(f)(2) provides:

"Such defendant's term of imprisonment shall not be subject to modification under paragraph (1) if:

5

"(A) The defendant has previously completed a certified drug abuse treatment program, as provided in K.S.A. 2018 Supp. 75-52,144, and amendments thereto;

"(B) has been discharged or refused to participate in a certified drug abuse treatment program, as provided in K.S.A. 2018 Supp. 75-52,144, and amendments thereto;

"(C) has completed an intensive substance abuse treatment program under paragraph (1); or

"(D) has been discharged or refused to participate in an intensive substance abuse treatment program under paragraph (1)."

Under the plain language of K.S.A. 2018 Supp. 21-6805(f)(2), a defendant's term of imprisonment cannot be modified as permitted under K.S.A. 2018 Supp. 21-6805(f)(1), which states that a defendant shall participate in an intensive substance abuse treatment program and upon completion of the treatment program, "the offender shall be returned to the court and the court *may modify* the sentence." (Emphasis added.) The important distinction here is that subsection (f)(2) does not prevent all modification by a district court, rather it prevents modification specifically under subsection (f)(1).

*Analysis of K.S.A. 2018 Supp. 21-6815*

Thus, K.S.A. 2018 Supp. 21-6805(f)(2) does not interfere with the district court's discretion to depart from a presumptive sentence pursuant to K.S.A. 2018 Supp. 21-6815(a), which states:

"Except as provided in subsection (b), the sentencing judge shall impose the presumptive sentence provided by the sentencing guidelines unless the judge finds substantial and compelling reasons to impose a departure sentence. If the sentencing judge departs from the presumptive sentence, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure."

K.S.A 2018 Supp. 21-6815(b) provides: "Subject to the provisions of K.S.A. 2018 Supp. 21-6817(b), and amendments thereto, any fact that would increase the penalty for a

6

crime beyond the statutory maximum, other than a prior conviction, shall be submitted to a jury and proved beyond a reasonable doubt."

The district court wrongfully concluded that because Julian was previously released from substance abuse treatment, it could not modify his presumptive sentence pursuant to K.S.A. 2018 Supp. 21-6805(f)(2). That said, Julian does not make this exact claim. Rather, he argues that the court erred in failing to realize it had discretion for departure under K.S.A. 2018 Supp. 21-6815(a)(1).

We pause to summarize how the three statutory provisions interact. Under K.S.A. 2018 Supp. 21-6805(f)(1), the district court should presumptively consider a sentence of imprisonment for a defendant with three or more specified felony drug convictions. But the district court retains the authority and discretion to grant a dispositional departure to probation to that defendant as provided in K.S.A. 2018 Supp. 21-6815(a). Here, the district court simply did not consider, let alone exercise, the discretion it retained under K.S.A. 2018 Supp. 21-6815(a).

If the district court relies on the presumption of imprisonment in K.S.A. 2018 Supp. 21-6805(f)(1) and sends a defendant to prison, it then typically must include the special conditions outlined in the balance of that subsection covering prison placement, substance abuse treatment, and possible modification of the sentence upon successful treatment. The phrase "the defendant shall be sentenced to prison as provided by this section" refers to the conditions of imprisonment that must be imposed *if* the district court presumptively chooses imprisonment over probation. But, as provided in K.S.A. 2018 Supp. 21-6805(f)(2), the district court should not impose the special conditions when a defendant being ordered to prison has already completed an intensive substance abuse treatment program or has refused or failed in such a treatment program.

7

A panel of this court has already addressed whether K.S.A. 2018 Supp. 21-6805(f)(1) allows for dispositional departures. In *Murrin*, 2017 WL 658043, at *6, the district court granted a departure after finding substantial and compelling reasons to do so. On cross-appeal, the State argued that the district court erred in granting a departure because the statute required the court to impose a presumptive term of prison without the possibility for dispositional departure. This court found that "K.S.A. 2015 Supp. 21-6805(f) merely directs that any sentence to which it applies shall be a 'presumed' imprisonment term, subject to the district court's discretion to depart upon a finding of substantial and compelling reasons to do so pursuant to K.S.A. 2015 Supp. 21-6815(a)." 2017 WL 658043, at *7.

Although the *Murrin* opinion was unpublished, the panel's reasoning is persuasive. To make this finding, the *Murrin* panel relied on *State v. Currie*, 49 Kan. App. 2d 499, 308 P.3d 1289 (2013). In *Currie*, a panel of this court held that a special rule much like the one at issue did not prohibit departure from a presumptive sentence. 49 Kan. App. 2d at 505. The defendant in *Currie* was subject to the special sentencing rule required by K.S.A. 2012 Supp. 21-6804(p), which stated that the sentence for a defendant's third or subsequent burglary conviction "shall be presumed imprisonment and the defendant shall be sentenced to prison as provided by this section." Similar to the facts here, the district court held that it lacked jurisdiction to hear a departure motion because the rule mandated a presumptive prison term. 49 Kan. App. 2d at 500-02.

On appeal, the *Currie* panel of this court reversed and found that the district court did have authority to depart from the presumptive prison sentence. The court reasoned:

> "We believe that K.S.A. 2012 Supp. 21-6804(p) merely directs that the sentence shall be presumptive prison when a defendant has prior felony theft and/or burglary convictions. It does not negate the other provisions in the statute allowing for departure. It uses the term 'presumed' imprisonment. Giving ordinary words their ordinary meaning, as we are

8

required to do, this would indicate that prison is only presumed, but not mandatory. Although K.S.A. 2012 Supp. 21-6804(p) follows this with a clause unique to subsection (p) ('and the defendant shall be sentenced to prison as provided by this section'), we believe this simply refers the reader back to the sentencing grid." 49 Kan. App. 2d at 503-04.

The *Murrin* panel found that the statutory language at issue in *Currie* was not distinguishable from the statutory language of K.S.A. 2015 Supp. 21-6805(f)(1). The *Murrin* panel reasoned that K.S.A. 2015 Supp. 21-6815(a) applies to both statutes equally and that the additional language of K.S.A. 2015 Supp. 21-6805(f)(1), which is not present in the statute at issue in *Currie*, "simply directs the court to follow the sentencing grid." *Murrin*, 2017 WL 658043, at *7.

This court made a similar finding in *Hill*, 2017 WL 4321288, at *2, after the State appealed the district court's departure from the presumptive term of imprisonment under K.S.A. 2016 Supp. 21-6805(f)(1). In *Hill*, the State argued that the statute required a presumptive term of imprisonment but a panel of this court reasoned that the statute "gives the court discretion to allow a defendant to participate in an intensive substance abuse treatment program in lieu of traditional imprisonment." 2017 WL 4321288, at *2. Because the district court required the defendant in *Hill* to remain in custody for 60 days or until a room opened up in an inpatient drug treatment facility, "the court was within its jurisdiction and within its discretion in allowing Hill to participate in a drug treatment program instead of going to prison." 2017 WL 4321288, at *2.

Here, the State relies on *State v. Kimberlin*, 52 Kan. App. 2d 15, 362 P.3d 19 (2015), to support the contention that the district court was required to sentence Julian only to prison. The State relies on the language of Syllabus 5, which states: "A special rule in K.S.A. 2014 Supp. 21-6805(f)(1) requires the sentencing court to impose a sentence of prison when the defendant is convicted of a third or subsequent felony or possession of a controlled substance or controlled substance analog." 52 Kan. App. 2d 22,

9

Syl. ¶ 5. However, as Julian points out, in the body of the opinion the *Kimberlin* panel clarified that "[t]his special rule provides that the *presumptive* sentence for a third or subsequent felony drug possession conviction is prison." (Emphasis added.) 52 Kan. App. 2d at 22. Thus, while the *Kimberlin* panel does address the statute at issue, it does not provide any persuasive reasoning for why this panel should depart from precedent and reasoning offered by the panels in *Murrin*, *Currie*, and *Hill.*

Based on this court's precedent for this issue, the district court erred when it stated that it was required to order imprisonment under K.S.A. 2018 Supp. 21-6805(f). The language of the statute does not remove the district court's discretion to depart from the presumptive sentence if the court finds compelling reasons to do so. See K.S.A. 2018 Supp. 21-6815(a). Because the district court wrongly concluded that it could not consider a departure, we vacate Julian's sentence and remand for resentencing and consideration of his departure motions. See *Warren*, 297 Kan. at 887 (holding that when a district court wrongly concludes it lacks the discretion to consider a departure the case should be remanded for resentencing "'so that the district court may properly exercise the discretion given to it by statute.'").

Sentence vacated and case remanded with directions.