NOT DESIGNATED FOR PUBLICATION

No. 120,555

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS
*Appellee,*

v.

REBECCA ANN STEWART,
*Appellant.*

MEMORANDUM OPINION

Appeal from Bourbon District Court; MARK ALAN WARD, judge. Opinion filed April 3, 2020. Affirmed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MALONE and GARDNER, JJ.

PER CURIAM: Rebecca Ann Stewart appeals her prison sentence after pleading guilty to possession of methamphetamine. Stewart's criminal history and crime severity level placed her in a border box, meaning the district court could impose an optional nonprison sanction by finding that an appropriate treatment program exists, which is likely to be more effective than the presumptive prison term in reducing the risk of offender recidivism, the recommended treatment program is available, and the offender can be admitted to such program within a reasonable period of time. Stewart also committed her current offense while on felony probation in another case, meaning that a special rule applied that allowed the district court to impose a prison sanction even if

1

there was a presumption for probation. As part of the plea agreement, the parties stipulated that Stewart met the criteria for the border box findings and the State agreed to "waive" the special rule that would allow the district court to imprison Stewart because she committed her current offense while on felony probation.

At sentencing the district court declined to make the stipulated border box findings because the parties had offered no evidence to support the findings. The district court also applied the special rule that called for a prison sentence because Stewart committed the current offense while on felony probation in another case. As a result, the district court sentenced Stewart to 23 months' imprisonment and denied her request for probation.

On appeal, Steward claims the district court abused its discretion by denying her request for probation. More specifically, she claims the district court erred by requiring evidence at the sentencing hearing to support the border box findings after the parties had stipulated that she met the criteria for the findings. For the reasons stated in this opinion, even if we assume that we have jurisdiction to review Stewart's presumptive sentence, we conclude that Stewart has failed to show that the district court abused its discretion when it sentenced her to prison and denied her request for probation.

FACTS

On January 18, 2018, the State charged Stewart with unlawful possession of methamphetamine, unlawful possession of drug paraphernalia, driving while suspended, no proof of insurance, and a registration violation. Stewart committed these crimes while she was on felony probation in a case from Johnson County and, in fact, the probation was revoked and Stewart was ordered to serve her prison sentence in that case.

On October 1, 2018, Stewart pled guilty to possession of methamphetamine in exchange for dismissal of the remaining charges. The written plea agreement stated that

"the parties have agreed to stipulate that [Stewart] meet[s] border box criteria to receive an opportunity for probation after [she is] released from the Department of Corrections in [her] Johnson County case." The plea agreement also called for the State to "waive application of any special sentencing rule." At the plea hearing, the district court made it clear to Stewart that the court did not have to follow the plea agreement and Stewart stated she understood the plea recommendations were not binding on the court.

At the sentencing hearing on December 3, 2018, both parties asked the district court to place Stewart on probation after she completed her sentence in the Johnson County case. More specifically, the prosecutor told the district court that "[m]y reading of the plea agreement says that I'm supposed to waive application of the special rule, and that I will stipulate to the proposed criteria for treatment." But after hearing the arguments, the district court denied Stewart's request for probation and stated:

> "*There has been no evidence presented* that an appropriate treatment program exists which is likely to be more effective than the presumptive prison term and reducing the risk of offender recidivism and that the program is available, *nor any evidence* that the non-prison sanction would serve community safety interests by promoting offender reformation." (Emphases added.)

The district court imposed a presumptive sentence of 23 months' imprisonment to run consecutive to the sentence in the Johnson County case. After the district court imposed the sentence, Stewart's counsel stated that he would file a motion to reconsider to give Stewart a chance to present evidence to support the border box findings:

> "I felt like since [I] had a stipulation from the State that a treatment program was available and . . . that the defendant would be amenable to that treatment program . . . I didn't feel like I would need to present that today but I can present that, Judge, and I would ask the Court to consider allowing me to do so at a subsequent date."

3

The district court told counsel that "you can file any motion you want." The district court then referred to the special rule that allowed it to impose a prison sentence because Stewart committed her offense while on probation in the Johnson County case. The district court told Stewart that the special rule "also applies that says I'm going to send you to prison." The district court observed that Stewart had other pending criminal cases in at least two counties and found that "it just does not appear to me that this is a case for probation." The district court had also noted at the hearing that Stewart's LSIR assessment score placed her in a "maximum risk." The journal entry indicated that the district court sentenced Stewart to 23 months' imprisonment consecutive to the Johnson County sentence and stated that the "Special Rule Applies." Stewart timely appealed.

ANALYSIS

On appeal, Stewart claims the district court abused its discretion by denying her request for probation. More specifically, she claims the district court erred by requiring evidence at the sentencing hearing to support the border box findings after the parties had stipulated that she met the criteria for the findings. She asserts that we have jurisdiction to address this claimed error even though she received a presumptive sentence.

The State argues that this court lacks jurisdiction to review Stewart's claim because she received a presumptive sentence. Alternatively, the State argues that the district court did not abuse its discretion when it sentenced Stewart to prison and denied her request for probation.

Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). To the extent that resolution of this appeal requires statutory interpretation, our review is also unlimited. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019). To the extent Stewart claims the district court abused its discretion by denying her request for

4

probation, a judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Stewart's criminal history and crime of conviction placed her in the 5-D border box on the drug sentencing grid. When the crime falls within a border box, the district court "may impose an optional nonprison sentence" if it makes findings that:

"(1) An appropriate treatment program exists which is likely to be more effective than the presumptive prison term in reducing the risk of offender recidivism; and

"(2) the recommended treatment program is available and the offender can be admitted to such program within a reasonable period of time; or

"(3) the nonprison sanction will serve community safety interests by promoting offender reformation." K.S.A. 2019 Supp. 21-6804(q).

See K.S.A. 2019 Supp. 21-6805(d).

Here, the district court declined to make such findings because no evidence had been submitted to support them and sentenced Stewart to the presumptive prison sentence. Stewart argues that the district court abused its discretion by imposing the presumptive prison sentence instead of probation.

Generally, this court lacks jurisdiction to review a sentence for a felony conviction if it is within the presumptive sentence for the crime. K.S.A. 2019 Supp. 21-6820(c). A conviction that falls in a border box is presumptive imprisonment. See K.S.A. 2019 Supp. 21-6804(q); *State v. Whitlock*, 36 Kan. App. 2d 556, 559, 142 P.3d 334 (2006). Further, K.S.A. 2019 Supp. 21-6804(q), on border box sentences, states: "Any decision made by

5

the court regarding the imposition of an optional nonprison sentence shall not be considered a departure and shall not be subject to appeal."

But even when the district court imposes a presumptive sentence, an appellate court has jurisdiction to review a claim "that the district court wrongly interpreted its statutory sentencing authority." *State v. Warren*, 297 Kan. 881, 885, 304 P.3d 1288 (2013). In *Warren*, the court found that it had jurisdiction to review the defendant's appeal of a presumptive sentence for illegally possessing contraband in a prison because the record reflected that the district court did not understand its authority to grant a departure sentence when the defendant possessed a small quantity of contraband. 297 Kan. at 885-86. And in *State v. Cisneros*, 42 Kan. App. 2d 376, 379, 212 P.3d 246 (2009), this court held that it had jurisdiction to review the defendant's presumptive sentence when the record reflected that the district court did not understand its authority to reduce the defendant's sentence upon revoking his probation.

Stewart argues that the district court misinterpreted its authority when it refused to consider the parties' stipulation that she met the criteria for the border box findings. But Stewart's claim is not exactly like the claims in *Warren* and *Cisneros*. Here, the record reflects that the district court was aware it could place Stewart on probation but found there was no reason to exercise its discretion to do so. Instead, the district court imposed the presumptive prison sentence and denied Stewart's request for probation. Under these circumstances, we question whether we have appellate jurisdiction to review Stewart's presumptive sentence. But assuming without deciding that we have jurisdiction to review Stewart's presumptive sentence, we will proceed to address the merits of her claim that the district court abused its discretion by denying her request for probation.

Generally, parties are bound by their stipulations and as such, a stipulation relieves a party of the need to present further evidence. See *State v. Bogguess*, 293 Kan. 743, 745, 268 P.3d 481 (2012); *State v. Downey*, 27 Kan. App. 2d 350, 359, 2 P.3d 191 (2000). As

6

part of the plea agreement, the State and Stewart stipulated that she met the criteria for border box findings. This stipulation amounted to an agreement between the parties that certain facts were present in the case, i.e., that an appropriate treatment program existed which was more likely to be effective than the presumptive prison term and that Stewart could be admitted to the program within a reasonable period of time. Despite this factual stipulation, the district court declined to make border box findings because no evidence had been presented at the sentencing hearing to support the findings.

We conclude the district court erred by refusing to accept the parties' factual stipulation that Stewart met the criteria for border box findings. This ruling caught Stewart's counsel off guard, and he informed the district court that the only reason he did not present evidence to support the border box findings was because the parties had stipulated to the evidence. The parties' stipulation that Stewart met the criteria for border box findings relieved her from presenting evidence to support the findings, and the district court erred by requiring Stewart to present evidence at the hearing.

But K.S.A. 2019 Supp. 21-6804(q) states that a district court may impose an *optional* nonprison sentence upon making the statutory border box findings. So even if the district court had accepted the parties' stipulation that Stewart met the criteria for border box findings, the district court did not have to grant Stewart's request for probation. Here the district court also denied Stewart's request for probation for other reasons including the fact that she had committed her current offense while on felony probation in her Johnson County case. K.S.A. 2019 Supp. 21-6604(f)(1) provides that when a new felony is committed while the offender is on probation, the court may sentence the offender to imprisonment even when the new crime presumes a nonprison sanction. The district court applied this special rule in sentencing Stewart to prison.

Stewart argues that the State "waived applicability of the special rule" as part of the plea agreement. But in Kansas both parties to a plea agreement assume the risk that

7

the sentencing court will not follow the agreement because sentencing recommendations made under a plea bargain are not binding on the court. See *State v. Boley*, 279 Kan. 989, 996, 113 P.3d 248 (2005). When the State "waived" application of the special sentencing rule, this was merely a recommendation by the State for the district court to place Stewart on probation despite the fact that she committed her new offense while on felony probation. But the district court was not bound by the recommendation for Stewart to receive probation, a point the district court made clear to Stewart at the plea hearing.

In sum, assuming this court has jurisdiction to review Stewart's presumptive sentence, we find that the district court erred by refusing to accept the parties' factual stipulation that Stewart met the criteria for border box findings. But this error does not mean that Stewart must be resentenced. Stewart's criminal history and crime of conviction placed her in the 5-D border box on the drug sentencing grid. A conviction that falls in a border box is presumptive imprisonment. See K.S.A. 2019 Supp. 21-6804(q); *Whitlock*, 36 Kan. App. 2d at 559. Even if the district court had accepted the parties' stipulation that Stewart met the criteria for border box findings, the district court did not have to grant Stewart's request for probation.

Here, the record is clear that the district court denied Stewart's request for probation because of her long criminal history, the fact that she had other pending criminal cases in at least two counties, the fact that Stewart committed her current offense while on felony probation in the Johnson County case, and the fact that her probation in that case had been revoked. The district court also noted that Stewart's LSIR assessment score placed her in a "maximum risk." Based on all the information in the record, the district judge found that "it just does not appear to me that this is a case for probation." We conclude Stewart has failed to show that the district court abused its discretion by imposing the presumptive sentence and denying her request for probation.

Affirmed.