NOT DESIGNATED FOR PUBLICATION

No. 120,389

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMESIA UNIQUE JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Coffey District Court; PHILLIP M FROMME, judge. Opinion filed October 23, 2020. Appeal dismissed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Christopher Phelan*, of Burlington, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and ATCHESON, JJ.

PER CURIAM: Jamesia Unique Jones was charged and convicted of possession of opiates with intent to distribute. Before sentencing, Jones moved for a departure from the presumptive sentence. Jones chose not to testify at the sentencing hearing. Instead, her attorney presented her version of events when arguing that departure was appropriate. The State presented evidence and argued that a departure was not warranted.

The district court denied Jones' motion, stating that Jones' decision to not testify on her own behalf weighed against her. The district court sentenced Jones to a presumptive sentence. Jones did not file a timely notice of appeal.

1

Several months after sentencing, Jones filed a pro se notice of appeal. The district court held an *Ortiz* hearing to determine whether Jones could file an untimely appeal. The district court found that an exception applied which allowed Jones to file an untimely appeal. On appeal, Jones argues that the district court erred when it considered her decision not to testify at sentencing when it denied her motion for a departure.

FACTUAL AND PROCEDURAL HISTORY

On February 19, 2017, Rodney Pumphrey, an investigator with the Drug Enforcement Administration, was investigating the burglary of a pharmacy in Minnesota. The pharmacy was burglarized by two individuals who used a yellow crowbar to pry open the door. One of the individuals wore a mask with a skull on the front of it. The individuals stole several hundred opiates from the pharmacy.

Later that same day, Zackary Rogers, a deputy sheriff with the Coffey County Sheriff's Office, made a traffic stop. Jones was a passenger in the vehicle that was stopped. Two other individuals, Anthony Ven Wright and Roy Perro, were present in the vehicle. Rogers searched the vehicle and located a yellow crowbar and a mask with a skull on the front. Rogers also found thousands of opiates hidden in the vehicle. A receipt found in the vehicle showed that Jones bought food in Minnesota, even though Jones claimed that they had only gone to Kansas City. Jones told Rogers that she saw Wright and Perro throwing large pill containers into a dumpster.

Jones ultimately pled no contest to possession with intent to distribute opiates. Before sentencing, Jones filed a motion for a dispositional or durational departure. Jones argued, in part, that the district court should depart from the guideline sentence because (1) she did not have any prior criminal convictions, (2) did not know what Wright was planning when she went on the trip with him, (3) was not present when the pills were stolen, (4) took responsibility for her actions, and (5) was a good fit for probation.

2

At sentencing, the district court considered Jones' motion. Jones chose to not speak or testify on her own behalf. Instead, Jones' attorney relayed her version of events leading to her arrest. The district court expressed concern that Jones was not willing to speak or testify on her own behalf, noting that her attorney was "telling her story to the Court. We don't have anything to confirm that she, in fact, says which story is correct or what her under oath statement is."

The State argued that Jones failed to provide substantial and compelling reasons justifying a departure from the grid sentence. The State pointed out inconsistencies in the testimony from the officers and Jones' version of events. The State also noted that Jones pled no contest instead of guilty, obviating some level of acceptance of responsibility.

The district court denied Jones' motion. The court stated:

"I guess from the evidence I heard I have serious questions as to what her involvement in this was. However, I do believe she knows a lot more than she's telling us. And, I guess, part of what bothers me is that she chose not to testify under oath and asked you to tell her story. That's pretty suspect to me. Apparently, the story she's telling or asking you to tell today is different in many respects to stories she told the officers."

The district court sentenced Jones to 98 months' imprisonment. Nearly a year after sentencing, Jones filed a pro se notice of appeal.

Because Jones' notice of appeal was filed outside the 14-day limitation, this court issued a show cause order. After a response from the parties, this court remanded the case to the district court for what is commonly known as an *Ortiz* hearing.

At the *Ortiz* hearing, Jones testified that she spoke with her attorney at the time, Bryan Hastert, after the district court sentenced her. According to Jones, she was "in tears

3

but [she] asked to have appeal for lower sentence." Jones testified that Hastert replied "Okay." Other than that conversation, Jones did not discuss an appeal with Hastert.

The State called Hastert as a witness. According to Hastert, he had no recollection of Jones requesting that a notice of appeal be filed on her behalf. Hastert said that if Jones had requested an appeal, he would have filed the notice. Hastert acknowledged that he remembered that Jones was crying after sentencing but maintained that she did not say that she wanted to appeal the sentence.

After hearing argument from both parties, the district court found:

"A defendant who communicates dissatisfaction with their sentence to their defense attorney can be construed as asking for an appeal to be filed without saying those words explicitly. At a minimum it should lead to discussion of her options. Miss Jones' upset demeanor prevented Mr. Hastert from clearly understanding her desire, she was not explicit in her communication.

"Miss Jones took the affirmative step of communicating her dissatisfaction with the attorney which indicates her desire to this Court to seek remedy at the appellate level. Her attorney did not perfect the appeal."

The district court allowed Jones to file her notice of appeal out of time based on the miscommunication between her and Hastert. In its written journal entry, the district court noted that Jones "did not explicitly communicate to Mr. Hastert that she was dissatisfied with her sentence."

ANALYSIS

The State argues that this court does not have jurisdiction to hear the appeal for two reasons. First, it argues that the district court misapplied the factors in *State v. Ortiz*,

4

230 Kan. 733, 640 P.2d 1255 (1982), when it allowed Jones' untimely appeal. Second, it argues that because Jones was given a presumptive sentence, there is no statutory right to appeal.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *Smith*, 304 Kan. at 919. In a criminal case, a defendant has 14 days after the judgment of the district court to file his or her notice of appeal. K.S.A. 2019 Supp. 22-3608(c). An appellate court lacks jurisdiction over an appeal if the notice of appeal is not timely filed. *Ortiz*, 230 Kan. 733, Syl. ¶ 2.

That said, the 14-day limit is subject to certain exceptions. Under *Ortiz*, an untimely notice of appeal may be filed when the defendant (1) was not informed of the right to appeal, (2) was not provided an attorney to perfect the appeal, or (3) the provided attorney either failed to perfect or complete an appeal. 230 Kan. 733, Syl. ¶ 3.

A district court's decision on whether an exception under *Ortiz* applies in a given case is reviewed on appeal under a dual standard. First, the appellate court reviews the facts underlying the district court's ruling for substantial competent evidence. However, this court reviews de novo the legal conclusion made by the district court on whether the exception applies. *State v. Smith*, 303 Kan. 673, 677, 366 P.3d 226 (2016).

The State begins by arguing that the district court erred in finding that the third *Ortiz* exception applied because it was not supported by substantial competent evidence and the court's legal conclusions were erroneous. It is unclear whether the State can

appeal a district court's decision after an *Ortiz* hearing without filing a notice of appeal. But this court need not address that issue here because even if the district court correctly granted Jones relief under *Ortiz*, this court would not have jurisdiction over Jones' appeal consistent with the State's second argument.

The State argues this court lacks jurisdiction to hear Jones' appeal because the court imposed a presumptive sentence. Under K.S.A. 2019 Supp. 21-6820(c)(1), this court lacks jurisdiction to review "[a]ny sentence that is within the presumptive sentence for the crime." The court sentenced Jones to the standard presumptive sentence for her crimes.

Still, Jones responds by arguing that this court can review the sentence under a narrow exception set out by this court in *State v. Warren*, 47 Kan. App. 2d 57, 270 P.3d 13 (2012). In *Warren*, the defendant was convicted of bringing a small amount of marijuana into a correctional facility. He requested a shorter sentence than the guidelines called for because it was a small amount of marijuana. The district court ruled that, by statute, it could not consider Warren's departure argument.

On appeal, Warren argued that the district court misinterpreted its sentencing options and needlessly limited its own authority. This court agreed, holding that an appellate court has "jurisdiction to consider the limited argument . . . that the district court wrongly interpreted its statutory sentencing authority and therefore refused to consider matters before it that were potentially relevant to the sentence." 47 Kan. App. 2d at 62.

Jones argues that *Warren* applies here because the district court misinterpreted its statutory authority by considering Jones' choice not to testify as a reason to deny her departure request. But the district court's actions here do not fit within the narrow exception carved out by this court in *Warren*.

6

The district court did not artificially limit itself by believing that it could not consider Jones' departure argument. Instead, the court found that her argument was not compelling given the circumstances. The district court is authorized, by statute, to consider a "nonexclusive list of mitigating factors" when determining whether to grant a defendant's motion for departure. K.S.A. 2019 Supp. 21-6815(c)(1). Whether that nonexclusive list can include a defendant's silence is not something this court can consider because the district court sentenced Jones to a presumptive sentence.

Nor does the constitutional nature of Jones' argument change the outcome. In *State v. Huerta*, 291 Kan. 831, Syl. ¶ 3, 247 P.3d 1043 (2011), the Kansas Supreme Court held that "[a] criminal defendant's allegation of constitutional infirmity in an individual presumptive sentence does not make the sentence amendable to direct appeal." In *Huerta*, the court sentenced Huerta to a presumptive sentence. He appealed to the Kansas Court of Appeals, alleging that the State violated his due process rights during sentencing. The Court of Appeals dismissed the case for lack of jurisdiction because Huerta was sentenced to a presumptive sentence.

The Kansas Supreme Court affirmed the dismissal, noting that Kansas appellate courts "do not review cases such as Huerta's on direct appeal, when a defendant merely argues that his or her individual presumptive sentence has a constitutionally based infirmity." 291 Kan. at 840. The court was also clear to note that its holding did not leave a defendant who believed there was a constitutional issue with his or her sentence with no remedy. The court pointed out that the sentence could qualify as an illegal sentence or that collateral attack through a K.S.A. 60-1507 motion may be available. 291 Kan. at 841.

Ultimately, this court need not reach any other issues raised by the parties because the court lacks jurisdiction to reach the merits of Jones' appeal. Because the district court sentenced Jones to a presumptive sentence, this court has no jurisdiction to hear the appeal under K.S.A. 2019 Supp. 21-6820(c)(1).

Appeal is dismissed for lack of jurisdiction.