NOT DESIGNATED FOR PUBLICATION

No. 122,300

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEVIN EUGENE PARKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed January 22, 2021. Sentence vacated and case remanded with directions.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HILL and BUSER, JJ.

PER CURIAM: Devin Eugene Parker appeals his sentence following his guilty plea to aggravated domestic battery. Parker claims: (1) the district court erred by applying an incorrect legal standard when denying his request for probation and (2) the sentencing court's use of judicial findings of prior convictions to increase his sentence violates § 5 of the Kansas Constitution Bill of Rights. We agree with Parker's first claim, so we vacate his sentence and remand for further proceedings.

1

On August 2, 2019, the State charged Parker with two counts of aggravated domestic battery and one count of domestic battery. Parker eventually pled guilty to one count of aggravated domestic battery in exchange for dismissal of the other charges. Under the plea agreement, the State would recommend imprisonment because Parker committed his crime while he was on felony bond in two other cases.

A presentence investigation (PSI) report reflected Parker had a criminal history score of C with a sentencing range of 25-27-29 months and presumptive probation. The report also stated that special rule 10 applied. The special rule states that when the defendant commits a new felony while on felony bond, then the district court "may" impose a prison sentence even if the crime presumes a nonprison sentence. After the plea hearing, Parker filed a motion to not impose the applicable special rule and argued that he should receive probation because of the specific circumstances of his case.

At the sentencing hearing on December 10, 2019, Parker did not object to his criminal history as reflected in the PSI report. The State recommended that the district court impose imprisonment for Parker's crime. Defense counsel stated that "we're asking you actually follow the presumption and place my client on probation. That's basically because my client does fall in a presumptive probation category [and] except for the special rule he would be presumptive probation."

After hearing all the arguments, the district court found the special rule applied and the judge stated, "The criminal history score is found to be C in this case. It would be a presumptive probation case but for the special rule that applies. The presumption is— disposition now is prison in this matter." The district court sentenced Parker to 25 months' imprisonment to run consecutive to the sentences in his other cases and denied Parker's request for probation. Parker timely appealed his sentence.

ANALYSIS

On appeal, Parker claims the district court erred by applying an incorrect legal standard when denying his request for probation. More specifically, he argues that the district court misunderstood and misapplied its authority under the special sentencing rule. Parker also claims for the first time on appeal that the sentencing court's use of judicial findings of prior convictions to increase his sentence violates § 5 of the Kansas Constitution Bill of Rights. The State asserts that the district court did not err in sentencing Parker to prison under the applicable special sentencing rule. The State also argues that this court should not address Parker's constitutional claim for the first time on appeal. But on the merits, the State asserts that the district court did not err in considering Parker's prior convictions to determine his sentence.

We will first address Parker's claim that the district court misunderstood and misapplied its sentencing authority under the special sentencing rule. Parker concedes that generally, this court lacks jurisdiction to review a sentence for a felony conviction if it is within the presumptive sentence for the crime. See K.S.A. 2019 Supp. 21-6820(c). But he correctly asserts that even when the district court imposes a presumptive sentence, an appellate court has jurisdiction to review a claim "that the district court wrongly interpreted its statutory sentencing authority." *State v. Warren*, 297 Kan. 881, 885, 304 P.3d 1288 (2013). Thus, this court has jurisdiction to address his claim that the district court wrongly interpreted its sentencing authority under the special rule.

Parker argues that this issue is preserved for review because he asked the district court not to apply the special sentencing rule. But Parker did not argue below that the district court misunderstood its authority under the sentencing rule, just that the district court should not apply the rule. Still, Parker correctly argues that this court can hear this issue for the first time on appeal because it is purely a legal issue that is determinative of the case. See *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019).

Parker contends that the district court misinterpreted its sentencing authority because it found the special rule transformed his presumptive probation sentence to a presumptive prison sentence when the rule itself simply gives the district court the discretion to impose a prison sentence. Parker argues that because the district court impermissibly treated his case as a presumptive prison case, he had to show substantial and compelling reasons for the court to depart to probation.

The State counters that although the district court "might have been inartful in addressing the application of the sentencing rule," the district court's entire pronouncement and its denial of Parker's motion suggest that the district court understood the presumptive sentence was still probation. To evaluate this claim, this court must engage in statutory interpretation which is a question of law subject to unlimited review. *State v. Kinder*, 307 Kan. 237, 240, 408 P.3d 114 (2018).

The applicable special sentencing rule states:

> "When a new felony is committed while the offender is on release for a felony pursuant to the provisions of article 28 of chapter 22 of the Kansas Statutes Annotated, and amendments thereto, or similar provisions of the laws of another jurisdiction, a new sentence may be imposed consecutively pursuant to the provisions of K.S.A. 2019 Supp. 21-6606, and amendments thereto, *and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence*. In this event, imposition of a prison sentence for the new crime does not constitute a departure." (Emphasis added.) K.S.A. 2019 Supp. 21-6604(f)(4).

Both parties agree that the special rule does not operate to change the presumptive sentence from a nonprison sanction to a presumptive prison sanction. Instead, the rule merely grants the district court the discretion to impose a prison sentence despite the

presumptive nonprison sentence. Thus, the only question for us to resolve is whether the district court understood these principles.

Parker correctly asserts that the district court misunderstood its sentencing authority. When discussing disposition, the district court stated: "The criminal history score is found to be C in this case. It would be a presumptive probation case but for the special rule that applies. The presumption is—disposition now is prison in this matter." The district court's statements imply that the district court read the special sentencing rule as transforming the presumptive probation sentence to a presumptive prison sentence. But under the rule, the presumptive sentence is still probation. By treating the sentence as a presumptive prison sentence, the district court limited its ability to impose a probation sentence. As Parker correctly asserts, under a presumptive prison sentence he would need to prove substantial and compelling reasons for the district court to impose probation.

If we thought that the judge simply misspoke at the sentencing hearing but clearly understood that he had discretion to grant Parker's request for probation, we would find no need to vacate the sentence. But we cannot reach that conclusion based on the record. The district court found that the presumptive sentence in Parker's case "is prison" and proceeded to deny his request for probation. Although it may be a subtle difference, the presumptive sentence in Parker's case was probation even though the district court had discretion to impose a nonprison sanction without constituting a departure.

We vacate Parker's sentence and remand for resentencing. On remand, the district court is not prohibited from imposing a prison sentence under the special sentencing rule. But if the district court does so, it must recognize that such a sentence is discretionary as the presumptive sentence is still probation. Because we are remanding for resentencing, we need not reach Parker's second claim that the sentencing court's use of judicial findings of prior convictions to increase his sentence violates the Kansas Constitution.

Sentence vacated and case remanded with directions.