NOT DESIGNATED FOR PUBLICATION

No. 124,664

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THOMAS KARL EISMANN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed November 18, 2022. Appeal dismissed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Taylor A. Hines*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., WARNER and COBLE, JJ.


PER CURIAM: Thomas Eismann appeals his sentence, which was within the presumptive range for his drug-related convictions under the Kansas Sentencing Guidelines. Eismann claims the district court erred when it denied his request for a downward departure at sentencing. But because he received a presumptive sentence, we lack jurisdiction to consider his challenge. We therefore dismiss this appeal.

Eismann entered an *Alford* plea to possession of marijuana with intent to distribute and possession of drug paraphernalia, both related to a 2020 car stop. Before sentencing,

1

Eismann moved for a downward sentencing departure, arguing that steps he had taken to address his drug and mental-health issues should result in less stringent punishment than would otherwise be appropriate under Kansas law. The district court denied Eismann's motion. While the court acknowledged and applauded Eismann's treatment efforts, it did not find that they justified a sentencing departure considering Eismann's history of convictions related to drug distribution.

The court then sentenced Eismann to 68 months in prison—the standard presumptive sentence under the Kansas Sentencing Guidelines given the severity of his crimes and his criminal-history score. Eismann now appeals, arguing that the district court improperly weighed his criminal history when it denied his departure motion. He also asserts that the court relied on factual errors when denying the motion.

Under the Kansas Sentencing Guidelines, a sentencing court calculates a person's presumptive sentencing range based on the severity of the crime committed and the person's criminal-history score. See K.S.A. 2021 Supp. 21-6805(a) (sentencing ranges for drug crimes). A court must impose a sentence within this presumptive range unless the court finds "substantial and compelling reasons" to depart from it. K.S.A. 2021 Supp. 21-6815(a). And when a sentencing court imposes a sentence in the presumptive range, appellate courts lack jurisdiction to review the sentence. K.S.A. 2021 Supp. 21-6820(c)(1).

Eismann's controlling crime of conviction was a severity level 3 drug crime, and his criminal-history score was C. This meant that his presumptive sentencing range under the guidelines was 65 to 72 months, with a mid-range sentence of 68 months. See K.S.A. 2021 Supp. 21-6805(a). The district court imposed this mid-range 68-month sentence. As a result, this court lacks jurisdiction to review Eismann's challenges to his sentence on appeal.

Eismann argues that we have jurisdiction despite his presumptive sentence because he does not contest that sentence directly; he instead challenges the standard the district court employed when it denied his departure motion. For support, he cites *State v. Warren*, 297 Kan. 881, Syl. ¶ 1, 304 P.3d 1288 (2013), which held that "when a district court misinterprets its own statutory authority and explicitly refuses to consider a defendant's request for a discretionary, nonpresumptive sentence that the district court has statutory authority to consider, the appellate court may take up the limited question of whether the district court properly interpreted the sentencing statute."

But Eismann's reliance on *Warren* is misplaced. The district court here understood its sentencing authority and considered Eismann's arguments supporting his motion; it merely found that these arguments did not warrant a sentencing departure. See *State v. Jones*, No. 120,389, 2020 WL 6244428, at *3 (Kan. App. 2020) (unpublished opinion) (distinguishing *Warren* on similar grounds), *rev. denied* 313 Kan. 1044 (2021). The limited jurisdictional exception discussed in *Warren* thus does not apply.

Because the district court imposed a presumptive sentence, we have no authority to consider the issues Eismann raises on appeal.

Appeal dismissed.